IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| FRED LEE DANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-034 |
| | ) | |
| DEPUTY WARDEN OF SECURITY | ) | |
| BLAIR, Johnson State Prison; | ) | |
| LIEUTENANT HURST, Johnson State | ) | |
| Prison; C.E.R.T. OFFICER MOSLEY, | ) | |
| Johnson State Prison; AWE OLATUN, II, | ) | |
| M.D., Medical Director; WILLIAM O. | ) | |
| AGYEMANG, NP; PA HALL; | ) | |
| and NURSE GAREGORY, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Coastal State Prison in Garden City, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983, and requested permission to proceed *in forma pauperis* ("IFP"). On April 30, 2019, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). (Doc. no. 9.) Plaintiff was cautioned that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See id.) On May 28, 2019, the Court received Plaintiff's IFP papers, a complaint dated April 21, 2019, and a second motion for leave to proceed IFP. (Doc. nos. 10-13.) However, Plaintiff's Prisoner Trust Fund Account Statement was incomplete and not signed by an authorized prison official. (Doc. no. 11.)

The Court directed Plaintiff to return a properly completed Trust Fund Account Statement by June 14, 2019.[1] (Doc. no. 14.) Plaintiff was again cautioned that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See id.) The time to respond has passed, and Plaintiff has not submitted the documents required by the Court's April 30 and May 28, 2019 Orders, nor has he provided the Court with any explanation why he has not complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (citing 28 U.S.C. § 1915). Plaintiff has been warned that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed. As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the filing fee, the Court **REPORTS** and **RECOMMENDS** Plaintiff's second motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 13), this case be **DISMISSED** without prejudice, and this civil action **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of June, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court also directed Plaintiff to inform the Court by June 14, 2019, whether he intended the April 21st complaint to be filed as new civil action or an amended complaint. (Doc. no. 14, p. 2.) To date, Plaintiff has failed to respond.